[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PROTECTIVE ORDER CT Page 6094
The plaintiffs in this special proceeding have applied for a protective order pursuant to Connecticut Practice Book, Sec. 221. Plaintiffs seek thereby to prevent the dissemination of information which will be provided to the defendant in the course of an examination under oath in connection with a fire insurance claim. Plaintiffs seek to prevent dissemination to the Fire Marshal or other law enforcement authorities of the Town of Farmington or anyone else. The parties have filed a stipulation of facts containing the pertinent information.
Pursuant to General Statutes 38a-318, the Fire Marshal for the Town of Farmington requested from the defendant all information relevant to the fire loss which occurred on April 14, 1991 at 91 South Main Street, Unionville, Connecticut and requested that the defendant forward "all information relative to the fire" including any laboratory analysis reports. The defendant previously complied with the request of the Fire Marshal by providing a copy of the investigator's report and laboratory analysis. Prior to commencing the examination under oath of the insured Joseph Ancona, (commenced but not completed), counsel for the defendant advised the insured of the Fire Marshal's request and indicated that the defendant intended to comply with the request of the Fire Marshal by sending to the Fire Marshal a copy of the examination under oath transcript, the examination under oath exhibits, and copies of documents submitted by the insureds in support of their claims. By agreement with the plaintiffs, the defendant has not turned over to the Fire Marshal any additional information pending decision on the motion for protective order.
The plaintiffs allege that dissemination of the information collected by the insurance company would violate plaintiffs' right of privacy along with other constitutional rights.
General Statutes 38a-318 encourages cooperation between insurance companies and law enforcement officials in cases of suspected arson. The plaintiffs request that the court prevent any dissemination of the transcript and exhibits pursuant to that statute or, in the alternative, limit dissemination to those portions related to the "at issue" fire. Otherwise, they claim their privacy and other constitutional rights will be infringed. CT Page 6095
Defendant cites in support of its position, the case of Commonwealth of Pennsylvania v. Ball, 565 A.2d 1143
(1989). In that case, the defendant in a criminal proceeding sought to suppress evidence given during his examination under oath which was later turned over to the authorities pursuant to Pennsylvania's version of the Arson Reporting Immunity Act. There, the Pennsylvania Supreme Court held that theFifth Amendment of the United States Constitution had been waived and, further, that the examination under oath process involved there did not present the type of economic coercion which violated the Fifth Amendment. The court added that the defendant could have insisted on awaiting the outcome of any criminal action before making statements in a civil proceeding.
Under Section 221 of the Connecticut Practice Book, the court has authority to grant protective orders in discovery matters. The defendant has not challenged what seems to be an appropriate application of that practice rule to this type of proceeding. This application is presented on a limited stipulation of facts. The court notes that the federal and state constitutional claims presented by the plaintiffs are not specified with precision or clarity. While it does not appear that theFifth Amendment to the U.S. Constitution would be fully applicable or operate to bar all questions which may be raised in the course of the examination, that issue cannot be decided on some generic basis without the pertinent factual context.
In addition, as the plaintiffs point out, there may well be questions of relevance, materiality, as well as scope of the examination under the applicable statutory language of C.G.S. Sec. 38a-318. Those inquiries can only be made by reviewing the questions to be posed, with objections, or on the basis of an in camera review of the transcript of the examination proceeding, again, with objections specified clearly by plaintiffs.
In accordance with the foregoing considerations, the court hereby orders as follows: a protective order is granted to prohibit dissemination of the transcript and exhibits of the examination proceeding or any other materials in defendant's possession to any persons until such time as the court, upon submission by the parties, determines any issues of relevance, materiality, scope of examination, and constitutional privilege presented. All such claims submitted to the court must be specified in detail. In the event that the parties wish the court to CT Page 6096 review the transcript and exhibits, such review will be conducted in camera.
BY THE COURT,
Barry R. Schaller, Judge